The Office of the United States Trustee
560 Federal Plaza
Central Islip, New York 11722
(631) 715-7800
Stan Y. Yang, Trial Attorney

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:
      FAISAL MIR,                              Case No:  818-74383-reg

                       Debtor.                  Chapter 13
----------------------------------------------------------x

## APPLICATION FOR THE ENTRY OF AN ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE DIRECTING TO APPEAR FOR AN ORAL EXAMINATION AND PROVIDE DOCUMENTS

William K. Harrington, the United States Trustee for Region 2 (the "Trustee"), by and through his counsel, Stan Y. Yang, Esq., in furtherance of his duties and responsibilities set forth in 28 U.S.C. §586(a)(3) and (5) does hereby make this application, (the "Application"), seeking the entry of an Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "FRBP") directing Cami Glastein-Paladine ("Paladine"), and Faisal Mir (the "Debtor") (collectively, the "Witnesses") to appear for an oral examination and to provide documents, and states as follows:

### PRELIMINARY STATEMENT

The Debtor filed a voluntary *pro se* "skeleton" petition under chapter 13 of the Bankruptcy Code with the United States Bankruptcy Court in Central Islip. Paladine identified herself as the "Filer" of the Debtor's petition. As of the date of this application, the Debtor has failed to file all of the required documents to complete her bankruptcy filing. The Debtor's

1

failure to fulfill her fiduciary obligations ultimately affects the administration of this proceeding. Since Paladine filed the Debtor's bankruptcy petition, Paladine might have the knowledge and information of the Debtor's financial circumstances precipitating the Debtor's bankruptcy filing. In addition, Paladine might even have the Debtor's financial and/or other documents which can assist the United States Trustee's investigation on the administration of the Debtor's estate. Accordingly, the United States Trustee seeks an order of this Court directing the Witnesses to appear at an examination under Rule 2004 of FRBP and to turn over all of the Debtor's documents.

## BACKGROUND

1. On June 27, 2018, the Debtor filed a *pro se* voluntary "skeleton" petition under chapter 7 of the Bankruptcy Code ("Petition"). In the Petition, Paladine signed the "Affirmation of Filer(s)" that was attached to the Debtor's Petition and identified herself as the "Filer" of the Debtor's Petition.

2. On June 27, 2018, Michael J. Macco was appointed as chapter 13 trustee to administer the Debtor's estate ("Trustee").

3. The initial meeting of creditors pursuant to 11 U.S.C. §341(a) ("341 Meeting") has been scheduled for August 6, 2018.

4. At the time of filing, Paladine made an application on behalf of the Debtor to pay the filing fee in installments.

5. As of the date of this application, the Debtor has failed to file all of the required schedules to complete her bankruptcy filing.

## RELIEF REQUESTED

6. By this Application, the United States Trustee seeks an order of this Court substantially in the form of the proposed order annexed hereto compelling the Witnesses to produce (i) the documents specified in **Exhibit "A"** to the proposed subpoena (annexed hereto as **Exhibit "A"**), and further authorizing the United States Trustee to serve the proposed subpoena upon the Witnesses via regular mail at their respective last known street address:  a) Paladine at 101-20 A Shore Front Parkway, Rockaway Park, New York 11694; and b) the Debtor at 47 Vermont Street, Melville, New York 11747.

7. Bankruptcy Rule 2004 provides, in pertinent part, as follows:

> (a) Examination on Motion.  On Motion of any party in interest, the court may order the examination of any entity.
>
> (b) Scope of Examination.  The examination of any entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . [T]he examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired by the debtor for purposes of consummating a plan and the consideration given therefor, and any other matter relevant to the case or to the formulation of a plan.
>
> (c) Compelling Attendance and Production of Documents.  The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial.  As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

Fed. R. Bankr. P. 2004(a), (c), (d).

8. Pursuant to 28 U.S.C. §586(a), the United States Trustee, within the region for

which such United States Trustee is appointed, shall . . .

> (3) supervise the administration of cases and trustee in cases under chapter 7, 11, 12, 13, or 15 of title 11 by, whenever the United States Trustee considers it to be appropriate . . .
>
> (5) perform the duties prescribed for the United States Trustee under title 11 and this title, and such duties consistent with title 11 and this title as the Attorney General may prescribe.

9. Examinations under Rule 2004 include within their scope, *inter alia,* any matter that may relate to the property and assets of the estate; the financial condition of the debtor; any matter that may affect the administration of a debtor's estate . . . *See,* Fed. R. Bankr. P. 2004(a), (c) and (d). Courts have consistently recognized that the scope of discovery under Bankruptcy Rule 2004 is extraordinarily broad. *See, e.g., In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 432 (S.D.N.Y. 1993) (likening the scope of a Rule 2004 examination to a 'fishing expedition'); *In re Bakalis,* 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); *In re Bennett Funding Group, Inc.,* 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (holding that the scope of a Rule 2004 examination is "admittedly unfettered and broad". (citations omitted). "The purpose of a Rule 2004 examination is to allow the court to gain a clear picture of the condition and whereabouts of the bankrupt's estate." *Keene Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 42 B.R. 362, 362 (S.D.N.Y. 1984) (*citing Cameron v. United States*, 231 U.S. 710, 717, 34 S.Ct. 244, 58 L.Ed. 448 (1914)).

9. The discovery sought by this Application goes directly to the heart of the administration of the Debtor's estate. Since the Debtor sought bankruptcy relief but failed to file complete schedules, the Trustee was left with an incomplete record and thus, could not fulfill his statutory obligations. It appears that Paladine was the only party who had met with the Debtor and might have obtained information and documentation from the Debtor regarding the

4

Debtor's bankruptcy petition. Paladine may have pertinent information to further the United States Trustee's investigation on the administration of the Debtor's estate in the present chapter 13 case. Accordingly, the United States Trustee seeks an order under Rule 2004 of FRBP to examine Paladine and obtain documents that might have been turned over to her by the Debtor. The United States Trustee seeks to examine Paladine, who identified herself as the "Filer" of the Debtor's bankruptcy petition, to gain a clear understanding of the condition and whereabouts of the bankrupt's estate. "The examination of witnesses having knowledge of the debtor's acts, conduct, liabilities, assets, etc. is therefore proper." *Keene Corp v. Johns-Manville Corp.* (*In re Johns-Manville Corp.*), 42 B.R. 362, 362 (S.D.N.Y. 1984), *also see In re GHR Energy Corp.*, 35 B.R. 534, 11 B.C.D. 312 (Bankr. D.Mass.1981). Accordingly, the requested discovery is directly related to the administration of the Debtor's estate and is appropriate under Rule 2004.

WHEREFORE, the United States Trustee respectfully requests that this Court grant the Application in its entirety and enter an Order substantially in the form of the proposed Order annexed hereto and grant any such further relief as this Court deems just and proper under the facts and circumstances herein.

Dated: Central Islip, New York
July 12, 2018

        William K. Harrington
        United States Trustee
        Region 2

BY:   */S/ Stan Y. Yang*
        Stan Y. Yang
        Trial Attorney
        560 Federal Plaza
        Central Islip, New York
        (631) 715-7800